IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

                Plaintiff,

v.

D. GARNER, et al.,

                Defendants.

OPINION & ORDER

16-cv-852-jdp

---

Plaintiff Helson Pabon Gonzalez, a prisoner at the Wisconsin Secure Program Facility, initiated this case by filing an 85-page complaint, written mostly in Spanish, along with a box containing more than a thousand pages of prison-related documents. *See* Dkt. 1. Pabon Gonzalez did not submit the filing fee. I stated that although the court would usually resolve Pabon Gonzalez's financial status before considering the substance of the complaint, serious flaws with his complaint and attached materials led me to address both his financial status and the complaint itself at the same time. Dkt. 6. Because Pabon Gonzalez's complaint was written mostly in Spanish and was so long that it likely contained claims that did not belong together in one lawsuit, I gave him a chance to submit an amended complaint in English, limited to claims and defendants that belonged together in one lawsuit. I also gave him a chance to submit a copy of his trust fund account statement so that the clerk of court could determine whether he qualifies for in forma pauperis status and, if so, what amount he would owe for an initial partial payment of the filing fee. *Id*.

In response, Pabon Gonzalez has submitted a series of documents. First, he has filed a series of motions for extension of time. Dkt. 11–13 & 15. In his motions, he states that prison officials did not give him enough law library time to work with a bilingual inmate named Daniel

Gonzalez, who helps with interpreting, and then the officials transferred Daniel Gonzalez in what he believes was retaliation for his efforts in helping Pabon Gonzalez. Additionally, he states that many of his legal documents remain in Daniel Gonzalez's possession, which also slowed him down. In one of his motions, he says that his first lawsuit "is ready," and he then followed with his amended complaint, in which he complains about how defendants Dr. Syed and nurses Waterman and Wegman administered a feeding tube during his hunger strike. Dkt. 16 and Dkt. 17. He later filed an entirely different complaint that he calls his "2nd lawsuit," about being unfairly terminated from his prison job. Dkt. 19. He has also filed formal motions for leave to proceed in forma pauperis, Dkt. 14 and Dkt. 22, and a copy of his trust fund account statement, Dkt. 23.

I will grant Pabon Gonzalez's motions for extension of time. But I cannot consider both of his new complaints in this single lawsuit. Because he calls the complaint about his feeding tube his "first lawsuit," I will consider that document to be his amended complaint in this lawsuit. I will direct the clerk of court to open a second lawsuit under a new case number, No. 17-cv-715-jdp. In his motions he seems to be saying that he plans on filing more complaints about different aspects of his original 85-page complaint as well, which he is free to do. But I will warn him that each lawsuit carries with it a $350 filing fee that will be paid out of his prison income.

Right now, Pabon Gonzalez is not on the hook for the filing fee in either of his cases. But he will be if he confirms his desire to litigate each case by submitting an initial partial payment of the filing fee. Using Pabon Gonzalez's trust fund account information and the formula set forth in 28 U.S.C. § 1915(b)(1), the court calculates his initial partial filing fee for each case to be $35.22. I will give Pabon Gonzalez a short time to submit that filing fee for

2

this case, or choose not to pay that amount and have the case closed. If he cannot pay the fee using his regular trust account, he may have prison officials use release account funds for this part of his fee. Once he has paid the initial partial payment, I will screen his complaint as required under § 1915 and § 1915A.

The same goes for the new 17-cv-715 case I have opened with Pabon Gonzalez's complaint about losing his prison job. He can pay another $35.22 initial partial payment, at which point I will screen his claims. If he fails to make this initial payment, I will dismiss the case without him owing the filing fee.

Between his motions for extension of time and the motions he filed after his amended complaints, Pabon Gonzalez raises several other issues. He renews his motion for the court's assistance in recruiting him counsel. He states that he has reached out to several law firms and he attaches two rejection letters from firms who have turned him down so far. He continues to argue that his language barrier will prevent him from adequately litigating his cases, but considering the documents he has filed so far, I am not yet convinced that this will be the case. Right now, his task is to decide whether he wishes to continue litigating each of his two cases and, if so, submitting initial partial payments. He should not need counsel for these tasks.

Pabon Gonzalez asks for a few different types of injunctive relief, all of which I will deny. He requests a court order allowing him access to his release account funds to pay for copies of medical records and to correspond with Daniel Gonzalez. But it is up to prison officials to decide how to apply the state's release-account regulations; this federal court generally cannot tell state officials how to apply state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). There is no federal law permitting this court to require state officials to allow prisoners use of release account funds for litigation costs. As mentioned above,

only when a prisoner's general account has insufficient funds to make an initial partial filing fee payment does the Prison Litigation Reform Act permit this court to order an institution to access a prisoner's release account funds to satisfy that payment. *See, e.g.*, *Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."); *see also Artis v. Meisner*, No. 12-cv-589, 2015 WL 5749785, at *5–6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ."). Therefore I will deny his request for an order telling state officials to let him use his release account for anything other than his initial partial payments of the filing fees for these cases

Pabon Gonzalez asks for an injunction directing prison officials to give him more law library time. He also asks for Daniel Gonzalez's allegedly retaliatory transfer rescinded so that they can work together in the law library. Finally, he asks for an order directing various prison officials to stop harassing him in retaliation for him filing this lawsuit. Claims that prison officials are retaliating against either Pabon Gonzalez or Daniel Gonzalez for filing these cases are new claims that usually should be brought in an entirely different lawsuit. I could consider Pabon Gonzalez's requests for injunctive relief within these lawsuits if he is saying that prison officials are actively blocking him from litigating them. But at least so far he has been allowed to do what he needed to do, and he has been able to file numerous documents with the court. Right now he needs to decide whether he wishes to continue with both cases. Pabon Gonzalez's language barrier is an issue that may need to be addressed as his cases move forward, but I

cannot order prison officials to transfer Daniel Gonzalez back into his unit. As his cases proceed, Pabon Gonzalez should renew his motions if he is not being given the resources he needs to litigate them, but he will need to explain in greater detail exactly how prison officials are restricting his litigation efforts, and what tasks he cannot accomplish given those restrictions.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's motions for extensions of time to file his amended complaint, Dkt. 11–13 & 15, are GRANTED.

2. The clerk of court is directed to docket plaintiff's second amended complaint, Dkt. 19, in case no. 17-cv-715-jdp.

3. Plaintiff is assessed $35.22 as initial partial payments of the $350 fee for this case and the $350 fee in case no. 17-cv-715-jdp. For each case, plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $35.22 or advise the court in writing why he is not able to submit the assessed amount on or before October 10, 2017. If plaintiff does not have enough money to make the initial partial payment from his regular account, plaintiff should arrange with prison authorities to pay the remainder from his release account.

4. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 21, is DENIED.

5. Plaintiff's motions for injunctive relief regarding the use of his release account funds, access to the law library, the assistance of other inmates, and harassment by prison officials, Dkt. 11, 12, 15, 21, 24, & 27, are DENIED.

Entered September 22, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge