IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,

                    Plaintiff,

  v.

CHAD HENNEMAN, J. SWEENEY,
TIMOTHY BROMELAND, MS. IVERSON,
and C. SUTTER,

                    Defendants.

OPINION & ORDER

17-cv-715-jdp

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. In this case, one of a series of lawsuits he has recently filed, he alleges that defendant prison officials gave him false conduct reports and unjustly fired him from his job in the prison kitchen. Pabon Gonzalez has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Pabon Gonzalez's amended complaint, Dkt. 19, and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Pabon Gonzalez's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). I conclude that Pabon Gonzalez may not proceed on any claims, so I will dismiss the case.

## PRELIMINARY MATTER

Before screening the complaint, I will address a preliminary matter about Pabon Gonzalez's proposed co-plaintiffs. Pabon Gonzalez named three other inmates as co-plaintiffs, but none of the others signed the complaint. The clerk of court sent copies of the complaint to the other prisoners, but none of them returned a signed copy. Two of them— Jimmy Zavala and Daniel Gonzalez—filed submissions asking to be removed as plaintiffs. Dkt. 16 & Dkt. 17. The third, Thadius Bell, never responded. This case will continue with Pabon Gonzalez as the lone plaintiff. I have amended the caption accordingly.

## ALLEGATIONS OF FACT

At the screening stage, I accept Pabon Gonzalez's allegations as true. *See Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Pabon Gonzalez worked in the kitchen. Defendant Chad Henneman did not like Pabon Gonzalez because Pabon Gonzalez gave work directions to other inmates. Henneman tried to get Pabon Gonzalez fired from his job. On December 25, 2014, Defendant Henneman gave Pabon Gonzalez a false conduct report for disobeying his orders about removing a tray from the line and storing margarine and butter together, and then questioning Henneman about his instructions. Pabon Gonzalez was found not guilty. On January 7, 2015, Henneman gave Pabon Gonzalez a false conduct report for disobeying orders, disruptive conduct, and refusal to work; Henneman said that Pabon Gonzalez refused to serve a batch of gravy. Pabon Gonzalez was found not guilty on all of the counts.

When Pabon Gonzalez returned to the kitchen, Henneman was extremely angry. Henneman complained about Pabon Gonzalez to defendant J. Sweeney, the security director.

Henneman asked defendant Timothy Bromeland for help in getting Pabon Gonzalez fired. On January 30, 2015, Bromeland gave Pabon Gonzalez a false conduct report for failing to report to be "signed out" of the kitchen. He was found not guilty. Henneman again was very angry when Pabon Gonzalez returned to the kitchen, and Henneman talked to Sweeney about having Pabon Gonzalez removed from the kitchen. Pabon Gonzalez was terminated from his job; I infer that Sweeney was the person making this decision. Defendants Iverson and Sutter signed the termination authorization form, even though Pabon Gonzalez says that Iverson told him that he was a good employee and knew he did not violate prison rules.

ANALYSIS

I take Pabon Gonzalez to be saying that his constitutional rights were violated by defendants' actions in giving him false conduct reports and eventually firing him. But prisoners have very limited constitutional rights when it comes to keeping the jobs they are assigned. A prison job does not create a property or liberty interest that might be protected by the Due Process Clause. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Moreover, a false conduct report does not create a due process claim because the inmate has the ability to litigate the truthfulness of the report through a hearing process. *Lagerstrom v. Kingston*, 463 F.3d 621, 624–25 (7th Cir. 2006). That is what happened here: Pabon Gonzalez was cleared of all of his charges. Pabon Gonzalez also says that defendants' actions violated DOC polices, but prison rules and regulations do not provide a right of action unless the legislature has granted such a right, *Vasquez v. Raemisch*, 480 F. Supp. 2d 1120, 1129 (W.D. Wis. 2007) (citing *Kranzush v. Badger State Mut. Ins. Co.*, 103 Wis. 2d 56, 74–79, 307 N.W.2d 256 (1981)), and I am not aware of any statute that grants such a right in this case.

3

The only plausible legal theory I can see supporting claim here is a "class-of-one" equal protection claim: defendants harassed and ultimately fired him because of personal animosity Henneman had toward Pabon Gonzalez. A plaintiff may bring a class-of-one equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). But class-of-one claims might not apply to prison disciplinary or employment-related contexts. *See Lewis v. Henneman*, No. 16-cv-733, 2018 WL 2390117, at *7 (W.D. Wis. May 24, 2018); *Talioferro v. Hepp*, No. 12-cv-921, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) (collecting cases).

And that is what ultimately dooms Pabon Gonzalez's class-of-one claim. I have previously concluded in a similar situation that the class-of-one theory cannot be applied to prison-employment-related decisions, and that prison staff were entitled to qualified immunity on class-of-one claims about allegedly false conduct reports. *See Lewis*, 2018 WL 2390117, at *7. Although defendants have not yet been served and so have not raised the affirmative defense of qualified immunity, I will do so here because the defense is obvious given Pabon Gonzalez's allegations. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). (Judges do not generally entertain affirmative defenses when conducting screening of complaint, but may do so "if [an affirmative defense] is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous."). Because Pabon Gonzalez may not proceed on any claims, I will dismiss the case.

ORDER

IT IS ORDERED that this case is DISMISSED. The clerk of court is directed to enter judgment for defendants and close the case.

Entered August 14, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge